Filed 3/28/16  Perez v. Shiomoto CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| RAMON LOUIS PEREZ, | C075728 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201300299431CUWMSTK) |
| v. | |
| JEAN SHIOMOTO, as Director, etc., | |
| Defendant and Respondent. | |

The Department of Motor Vehicles (DMV) suspended plaintiff Ramon Luis Perez's driver's license for four months (Veh. Code § 13353.3, subd. (b)(1))[1] and disqualified him from operating a commercial vehicle (§ 15300, subd. (a)(1)) because a DMV hearing officer found plaintiff violated section 23152 by driving with a blood-alcohol content of 0.08 percent or above.  Plaintiff sought to set the suspension and

---

[1]  Further undesignated statutory references are to the Vehicle Code.

1

disqualification aside, but the trial court denied his petition for relief. On appeal, plaintiff contends his writ petition should have been granted because there is insufficient evidence to support the trial court's finding that he was lawfully arrested as required to uphold the suspension and disqualification. We shall conclude that there is ample evidence to support the trial court's finding and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 12:48 a.m. on October 20, 2012, Stanislaus County Deputy Sheriff C.A. Barnes saw a white pickup truck parked along the side of the road with its engine running, headlights on, and brake lights illuminated. Barnes stopped and found plaintiff asleep in the driver's seat. Plaintiff was alone. Barnes knocked on the window several times before plaintiff woke up and rolled down his window. Barnes immediately noticed that plaintiff's eyes were red and watery. Barnes asked plaintiff for his driver's license, and plaintiff appeared to have trouble locating it in his wallet although it was in plain view. Plaintiff told Barnes that he was on his way home from Stevenson. When Barnes asked him how much he had to drink that night, plaintiff replied, "Not much." Barnes instructed plaintiff to turn off his engine and requested the assistance of the California Highway Patrol (CHP) in conducting a driving under the influence (DUI) evaluation.

Dispatch notified CHP Officer R.A. Perez that Barnes requested CHP assistance on a possible DUI. Dispatch advised Perez that Barnes had observed plaintiff sitting in his truck on the side of the road, asleep, with the engine running. Perez arrived on the scene at 1:10 a.m. Perez saw that plaintiff's eyes were red and watery and smelled alcohol on plaintiff's person. Perez asked plaintiff if he had consumed any alcohol, and plaintiff said he "had 2 beers" around 12:00 p.m. before driving to the current location. Perez administered a series of field sobriety tests, and plaintiff had trouble performing three of them. At approximately 1:20 a.m., plaintiff consented to three in-field preliminary alcohol screening breath tests. Plaintiff displayed an alcohol concentration of

2

0.065 percent on the first test, 0.083 percent on the second test, and 0.085 percent on the third test. "Based on [plaintiff's] objective symptoms of intoxication, his statement regarding alcohol consumption, his statement of driving from Livingston [*sic*], CA, to his current location, and his performance of the [field sobriety tests]," Perez "determined [plaintiff] was driving while under the influence of an alcoholic beverage."

Officer Perez arrested plaintiff for driving under the influence of alcohol in violation of section 23152, subdivision (a) pursuant to section 40300.5, which allows for a warrantless arrest where the officer has reasonable cause to believe that the person had been driving while under the influence of alcohol and may cause injury to himself or damage property unless immediately arrested. (§ 40300.5, subd. (d).)[2]

Thereafter, plaintiff was subject to additional chemical testing under the implied consent law, section 23612, which provides for testing of blood, breath, or urine. Plaintiff elected breath testing. (§ 23612, subd. (a)(1)(A).) The first breath test was

---

[2] Section 40300.5 provides:

"In addition to the authority to make an arrest without a warrant pursuant to paragraph (1) of subdivision (a) of Section 836 of the Penal Code, a peace officer may, without a warrant, arrest a person when the officer has reasonable cause to believe that the person had been driving while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug when any of the following exists:

"(a) The person is involved in a traffic accident.

"(b) The person is observed in or about a vehicle that is obstructing a roadway.

"(c) The person will not be apprehended unless immediately arrested.

"(d) The person may cause injury to himself or herself or damage property unless immediately arrested.

"(e) The person may destroy or conceal evidence of the crime unless immediately arrested."

taken at 1:22 a.m. and the second test was taken two minutes later -- both revealed a blood-alcohol content of 0.08 percent.

Officer Perez cited plaintiff for driving under the influence of alcohol and driving with a 0.08 percent or more, by weight, of alcohol in his blood (§ 23152, subds. (a)-(b)) and served him with an "Administrative Per Se Oder of Suspension/Revocation Order and Temporary Driver License."[3]

On February 14, 2013, there was an administrative hearing before a hearing officer appointed by the DMV director. At the hearing, plaintiff testified that prior to stopping on the side of the road, he had been in Stevenson where he consumed "one and a half to two beers and a second one." He left Stevenson around 12:10 a.m. and was on his way home when he stopped on the side of the road at approximately 12:25 a.m. to go to the bathroom. When he finished, he took a couple of shots of whiskey from a bottle that "some person" had given him in Stevenson, got back in his car, and fell asleep. He never told Officer Perez about the whiskey because Perez only asked him if he "had been drinking previously."

On March 4, 2013, DMV issued an "Administrative Per Se -- .08% BAC Notification of Findings and Decision" suspending plaintiff's driver's license for four months effective March 13, 2013. The hearing officer found (1) Officer Perez had reasonable cause to believe plaintiff was driving a motor vehicle while under the influence of alcohol, (2) plaintiff was lawfully arrested under section 40300.5, and (3) plaintiff was driving a motor vehicle when the concentration of alcohol in his blood was at or above 0.08 percent. On March 5, 2013, the DMV notified plaintiff that he was disqualified from operating a commercial vehicle for one year. Plaintiff requested a departmental review of the hearing officer's decision, and on March 29, 2013, DMV notified plaintiff of its finding that the decision was proper and required.

---

[3] Ultimately, no criminal charges were filed against plaintiff.

4

On July 1, 2013, plaintiff filed a petition for an alternative writ of mandate to set aside the suspension of his driving privileges. (Code of Civ. Proc., § 1094.5; Veh. Code, § 13559.) After a hearing, the trial court denied the petition, entered judgment in DMV's favor, and dismissed the action with prejudice. The trial court determined that DMV's findings were supported by the evidence in the record. As relevant here, the trial court found plaintiff was lawfully arrested pursuant to subdivisions (d) and (e) of section 40300.5.

DISCUSSION

Plaintiff contends the trial court erred in upholding the DMV's suspension and disqualification because there is insufficient evidence to support a finding he was lawfully arrested. In particular, plaintiff asserts that Officer Perez "lacked reasonable cause to believe that [plaintiff] was driving under the influence of alcohol of .08% or above," and there was no evidence to support a finding that plaintiff might cause injury to himself or damage to property unless immediately arrested. We are not persuaded.

Before we address the merits of plaintiff's claim, we pause to review the applicable statutory framework. Under what is often called the "administrative per se" law (§ 13353.2 et seq.), a person arrested for driving under the influence of alcohol, and who is determined to have a prohibited blood-alcohol content, shall have his driving privileges suspended prior to an actual conviction for a criminal offense, regardless of whether or not there is evidence that the person's driving ability was actually impaired. (*Lake v. Reed* (1997) 16 Cal.4th 448, 454 (*Lake*).)

When a person is arrested for DUI and is determined to have a prohibited blood-alcohol content, the arresting officer or the DMV serves the person with a notice of order of license suspension, advising that the license will be suspended in 30 days and that the person has the right to an administrative hearing. (§§ 13353.2, 13353.3.) The arresting officer takes possession of the person's driver's license and issues a temporary license. (§ 13382.) The DMV automatically reviews the merits of the suspension, under a

5

preponderance of evidence standard, with the burden of proof on the department. (§ 13557; *Lake*, *supra*, 16 Cal.4th at p. 455.) "For drivers 21 years of age and older, the sole issues are whether: '(A) . . . the peace officer had reasonable cause to believe that the person had been driving a motor vehicle in violation of Section . . . 23152 or 23153. [¶] (B) . . . the person was placed under arrest . . . [and] [¶] (C) . . . the person was driving . . . [¶] [w]hen the person had 0.08 percent or more, by weight, of alcohol in his or her blood.'" (*Lake*, at pp. 455-456, quoting § 13557, subd. (b)(2), fn. omitted.) The DMV may dispense with the automatic review if the driver requests an administrative hearing. (§ 13557, subd. (e).) The administrative hearing is usually held before a department hearing officer. (*Lake*, at p. 456.) The only issues at the hearing on an order of suspension are whether the arresting officer had reasonable cause to believe the person was driving a motor vehicle in violation of specified Vehicle Code sections, including section 23152, the driver was arrested, and the person was driving with 0.08 percent blood-alcohol content or higher. (§§ 13557, subd. (b); 13558, subd. (c)(2).) If the hearing officer finds the evidence proves these three statutory prerequisites by a preponderance of the evidence, the driver's license will be suspended for four months if the driver had a clean driving record, or one year if the driver had a prior conviction or prior specified administrative action regarding blood-alcohol content. (§ 13353.3.) Where, as here, the driver has a commercial driver's license, that license will be suspended for one year "if the driver is convicted of a first violation of [various Vehicle Code sections, including section 23152, subdivisions (a) and (b)]." (§ 15300, subd. (a)(1).) The term "convicted," as used in section 15300, subdivision (a), includes an administrative determination by a DMV hearing officer. (*Ziehlke v. Valverde* (2011) 191 Cal.App.4th 1525, 1532-1534.)

When a person petitions for a writ of administrative mandate following an order suspending his driver's license, the trial court is required to determine, based on the exercise of its independent judgment, whether the weight of the evidence supports the

6

administrative decision. (*Lake*, *supra*, 16 Cal.4th at p. 456.) "In reviewing the administrative record, the court acts as a trier of fact; it has the power and responsibility to weigh the evidence and make its own determination about the credibility of the witnesses. [Citation.] While the court must afford a strong presumption of correctness concerning the administrative findings, ultimately it is free to reweigh the evidence and substitute its own findings. [Citations.]" (*Roze v. Department of Motor Vehicles* (2006) 141 Cal.App.4th 1176, 1183-1184.) On appeal, we review the record to determine whether the trial court's findings are supported by substantial evidence. (*Id.* at p. 1184.) In doing, we resolve all evidentiary conflicts and draw all reasonable inferences in favor of the trial court's decision. (*Ibid*.) However, we review questions of law under a de novo standard. (*Ibid*.)

The issue before us is the legality of plaintiff's arrest. "Under the administrative per se statutes, in order for the DMV to validly suspend a person's driver's license, 'the underlying arrest must have been lawful.'" (*Dyer v. Department of Motor Vehicles* (2008) 163 Cal.App.4th 161, 168.) As previously noted, plaintiff was arrested pursuant to section 40300.5, and the trial court found the arrest was lawful under subdivisions (d) and (e) of that section. Because we conclude sufficient evidence supports the trial court's finding that plaintiff's arrest was lawful under subdivision (d) of section 40300.5, we do not consider whether it was also lawful under subdivision (e).

Section 40300.5 provides in pertinent part: "In addition to the authority to make an arrest without a warrant pursuant to paragraph (1) of subdivision (a) of Section 836 of the Penal Code, a peace officer may, without a warrant, arrest a person when the officer has reasonable cause to believe that the person had been driving while under the influence of an alcoholic beverage . . . when any of the following exists: [¶] . . . [¶] (d) The person may cause injury to himself or herself or damage property unless immediately arrested."

7

The trial court found that Officer Perez had reasonable cause to believe plaintiff had been driving while under the influence of alcohol. Substantial evidence supports the trial court's determination. When Perez arrived at the scene at 1:10 a.m., he was aware that plaintiff was found asleep in his truck on the side of the road, with the engine running, and headlights illuminated. He observed plaintiff's red and watery eyes and smelled alcohol on plaintiff's person. Plaintiff told Perez that he had two beers at approximately 12:00 p.m. before driving to the current location. Plaintiff was unable to successfully perform three of the four field sobriety tests administered by Perez, and at 1:22 and 1:24 a.m. a preliminary screening indicated that plaintiff's blood-alcohol content was 0.08 percent or higher. Moreover, plaintiff concedes that he never told Perez he consumed any alcohol after stopping on the side of the road. On this record, it is difficult to conceive how Perez could have believed that plaintiff was not under the influence of alcohol when he drove from Stevenson to the current location.

Having determined substantial evidence supports the trial court's finding that Officer Perez had reasonable cause to believe plaintiff had been driving while under the influence of alcohol, we next consider whether there is sufficient evidence to support a finding that plaintiff may have hurt himself or damaged property if not immediately arrested. (§ 40300.5, subd. (d)).) As detailed above, plaintiff smelled like alcohol, admitted consuming alcohol earlier that evening, had trouble performing the field sobriety tests, and preliminary alcohol screening indicated that he had a blood-alcohol content of 0.08 percent or greater. Thus, there was ample evidence he was under the influence of alcohol. In addition, plaintiff was found seated in the driver's seat of his truck, parked on the side of the road, with the engine running. While he was asleep when first contacted by Deputy Barnes, Perez was not required to assume that plaintiff would remain on the side of the road and "sleep it off" before attempting to drive home, as plaintiff seems to suggest. Under the facts and circumstances of this case, Perez reasonably could believe that plaintiff would not remain on the side of the road for an

8

extended period of time, and instead would have completed his drive home while under the influence of alcohol, placing himself and others in jeopardy, if not immediately arrested.

Because Officer Perez had reasonable cause to believe plaintiff had been driving while under the influence of alcohol, plaintiff's arrest was lawful to prevent plaintiff from injuring himself or destroying property.

DISPOSITION

The judgment is affirmed. DMV shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                    /s/
                    Blease, J.


We concur:


   /s/
Raye, P. J.


   /s/
Murray, J.